

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BILLY L. ROUSER, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:14CV605–HEH
)
ERIC WILSON, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

Billy Rouser, a federal inmate proceeding *pro se*, filed suit[1] in the Circuit Court for Prince George County ("Circuit Court") against Defendants[2] for breach of contract. Defendant Wilson[3] removed the case to this Court. This matter is before the Court on Defendant Wilson's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss," ECF No. 2; "Motion for Summary Judgment," ECF No. 3);

---

[1] "BILL AT LAW FOR BREACH OF CONTRACT AND THIRD PARTY BREACH OF CONTRACT." ("Complaint," ECF No. 1-1, at 3.) The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] There appears to be some confusion as to the identity of the Defendants in this matter. Rouser initially named "BUREAU OF PRISONS, INC., (BOP)" and "WARDEN WILSON, CEO/AGENT." (Compl. 3.) In the body of his Complaint, he identified the parties as also including "City of Hopewell, Inc." and "Federal Correctional Complex, Petersburg, Low." (*Id.*) The Notice of Removal listed "Warden Eric Wilson, CEO," "Federal Correctional Complex Low Petersburg," and "Bureau of Prisons, Inc." as Defendants. (Notice Removal 1.) Rouser has only served Defendant Wilson. (Notice Removal Ex. 1.) As explained below, the confusion over the identity of the Defendants is immaterial for the purposes of this opinion.

[3] The Office of the United States Attorney represents only Defendant Wilson, as it asserts that the other "defendants[,] the 'Federal Correctional Complex Low Petersburg' and 'Bureau of Prisons, Inc.' . . . are not legal entities that are capable of being sued." (Mem. Supp. Mot. Dismiss 1 n.1.)

Rouser's Motion for Remand (ECF No. 6); and Rouser's Motion to Amend (ECF No. 10). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

## I. Procedural History

On January 28, 2014, Rouser, a federal inmate proceeding *pro se*, filed suit in the Circuit Court against "Bureau of Prisons, Inc., (BOP)" and "Warden Wilson, CEO/Agent." (Compl. 3.)[4] The Complaint alleges that Defendants breached contracts "both expressed and implied (quasi or otherwise)." (*Id.*)

On August 29, 2014, Defendant Wilson filed a Notice of Removal of State Court Action to United States District Court. ("Notice of Removal," ECF No. 1.) On September 5, 2014, Defendant Wilson filed a Motion to Dismiss (ECF No. 2) and a Motion for Summary Judgment (ECF No. 3).

On September 15, 2014, Rouser filed a "Notice for Remand to State Court for Lack of Jurisdiction" ("Motion to Remand," ECF No. 6), which the Court construes as a Motion to Remand.[5] Defendant Wilson filed an Opposition to Motion to Remand (ECF No. 7). Rouser filed an "Opposition to Defendant's Filing Dated 9/18/14" ("Reply to Defendant's Opposition to Motion to Remand," ECF No. 9).

On October 8, 2014, Rouser filed a Motion to Amend (ECF No. 10). Defendant Wilson responded with an Opposition to Motion to Amend (ECF No. 11).

---

[4] The Court corrects the capitalization and spelling in quotations from Rouser's filings.

[5] Defendant Wilson concedes that Rouser's "Notice" ought to be construed as a Motion to Remand. (Opp'n Mot. Remand 1, ECF No. 7.)

2

## II. Summary of Allegations

Rouser's Complaint alleges a variety of conditions at his correctional institution that he finds unsuitable. These conditions include "violating fire codes" (*id.* at. 6), "inmates being subjected to second hand smoke" (*id.* at 7), "officers stealing food from the kitchen" (*id.*), and "violating code regarding capacity of facilities buildings, 1,287 individuals"[6] (*id.* at 6). It appears that Rouser alleges that 18 U.S.C. § 4002[7] and § 4042,[8] along with the United States Department of Housing and Urban Development's regulations for housing, 24 C.F.R. § 5.703, constitute "contracts" between the BOP and the United States, that he is a third party beneficiary to these "contracts," and that his

---

[6] Notably, although Rouser states the facility houses 1,287 inmates (Compl. 6) and provides a Congressional Research Service report about the general issue of prison overcrowding (Compl. Ex. A), he provides no facts to support the conclusion that the population in the prison exceeds its capacity or that he has suffered harm arising from an overcrowded prison.

[7] The statute provides, in pertinent part:

> For the purpose of providing suitable quarters for the safekeeping, care, and subsistence of all persons held under authority of any enactment of Congress, the Attorney General may *contract*, for a period not exceeding three years, with the *proper authorities of any State*, Territory, or political subdivision thereof, for the imprisonment, subsistence, care, and proper employment of such persons.

18 U.S.C. § 4002 (emphasis added). This statute is irrelevant to Rouser, as he is held in a federal facility.

[8] The statute provides, in pertinent part:

> **(a) In general.**--The Bureau of Prisons, under the direction of the Attorney General, shall--
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise . . . .

18 U.S.C. § 4042(a).

conditions of confinement constitute a breach of those contracts. (*Id.* at 5–6.) Rouser seeks *ad damnum* in the form of $10,000,000 in real damages per defendant and $50,000,000 in punitive damages. (*Id.* at 8.)

## III. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir. 1988) (citation omitted) (internal quotation marks omitted). "[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). As explained below, because the Circuit Court lacked jurisdiction over Rouser's claims, so too does this Court.

### A. Sovereign Immunity and Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (internal citations and quotation marks omitted) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The statutes and regulation Rouser cites in his Complaint, 18 U.S.C. §§ 4002,[9] 4042,[10] and 24 C.F.R. § 5.703,[11] do not create a private right of action against the United States for breach of contract. *Cf. Touche Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979) (refusing to find a statute created an implied private remedy when it failed to prohibit certain conduct or create federal rights in favor of private parties).

The most applicable statute for Rouser's contract claims, where the United States has waived sovereign immunity, is the "Big Tucker Act," 28 U.S.C. § 1491. This Act grants the Court of Federal Claims exclusive jurisdiction over breach of contract claims

---

[9] *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (refusing to find an implied private right of action under § 4002 in the absence of an actual contract between federal and state governments).

[10] Some courts have found § 4042 relevant in establishing a duty of care as the basis of a tort claim against the United States under the Federal Tort Claims Act ("FTCA"). *See, e.g., Manning v. U.S. Dep't of Justice*, 104 F. App'x 907, 909 (4th Cir. 2004) (using § 4042 as a standard for the duty of care when evaluating a claim brought pursuant to the FTCA). Rouser did not bring this action in tort. Although he makes a single passing reference to the FTCA, he does so in the context of arguing that he has a right to sue for breach of contract. (Compl. 8 ("Federal prisoners have a right to sue the United States for injuries sustained in prison under the provisions of [the] Federal Tort Claims Act and/or contracts . . ." (citation omitted)).) Rouser fails to raise an FTCA claim, or allege an action in tort, in any of his pleadings or responses.
   While the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Furthermore, had Rouser properly raised an FTCA claim, the Court would still lack jurisdiction pursuant to the doctrine of derivative jurisdiction. *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 247 (4th Cir. 2007); *see* Part III.B. *infra*. If Rouser wishes, he "remains free to bring a separate action against the federal defendants in . . . a district court, for [his tort] claims, in accordance with the FTCA." *Palmer*, 498 F.3d at 247. Dismissal of an FTCA claim does not infringe on "any fundamental right of judicial access . . . [because Rouser] has not yet availed [him]self of the appropriate federal fora for resolving its claims against the federal defendants." *Id.*

[11] Rouser fails to raise, and the Court fails to discern, any rationale to support the conclusion that regulations promulgated by the United States Department for Housing and Urban Development apply to federal prisons.

5

against the United States where the amount in controversy exceeds $10,000. *Smeltzer v. United States*, 131 F.3d 136 (4th Cir. 1997). The Act does not grant state courts jurisdiction over these claims.[12] *See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (explaining that in suits against the United States, state courts lack subject matter jurisdiction unless the waiver of sovereign immunity expressly grants jurisdiction to state courts).

### B. Derivative Jurisdiction

Defendant Wilson removed under 28 U.S.C. § 1442(a)(1),[13] which permits the Government to remove a civil case that is filed against officers or agencies of the United States in state court. 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when the Government removes a case under § 1442. *Palmer*, 498 F.3d at 246. When derivative jurisdiction applies, the federal court only acquires the jurisdiction

---

[12] The "Little Tucker Act," 28 U.S.C. § 1346, grants Federal District Courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States not exceeding $10,000. *Randall v. United States*, 95 F.3d 339, 346–47 (4th Cir. 1996). Like the Big Tucker Act, this Act also fails to grant state courts jurisdiction. *See Bullock*, 666 F.3d at 285.

[13]     (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

possessed by the state court prior to removal. *See id.* at 244, 246. When, as here, the state court lacks subject matter jurisdiction, the federal court does not acquire jurisdiction upon removal, "even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998)).[14]

## C. Analysis

Although styled as a state law breach of contract claim, Rouser may only bring his initial complaint against the United States pursuant to the "Big Tucker Act." 28 U.S.C. § 1491. The Circuit Court lacks subject matter jurisdiction over claims brought pursuant to that Act. *Bullock*, 666 F.3d at 285 (observing that "state courts do not have presumptive jurisdiction to decide suits against the United States"). Pursuant to the doctrine of derivative jurisdiction, this Court's jurisdiction over a removed case is the same as that of the state court from which the case originated. *Palmer*, 498 F.3d at 244.[15] Because the Circuit Court lacked jurisdiction over Rouser's case, this Court accordingly lacks subject matter jurisdiction and must dismiss the case. *See, e.g., Patton v. F.B.I.*, No. 2:14–13347, 2014 WL 3496112, at *3 (S.D. W. Va. July 11, 2014).

---

[14] Notably, this Court would not have had jurisdiction over Rouser's initial action, as it falls within the exclusive jurisdiction of the Court of Federal Claims.

[15] In *Palmer*, a third-party plaintiff brought, *inter alia*, breach of contract claims against third-party defendants who were federal agencies. 498 F.3d at 239. The third-party defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a). *Id.* The court dismissed the action pursuant to the doctrine of derivative jurisdiction, noting that the third-party plaintiff "remains free to bring a separate action against the federal defendants in an appropriate forum, *i.e.*, the Court of Federal Claims, for its contract action, in accordance with the Tucker Act . . . ." *Id.* at 247.

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). Accordingly, because this Court lacks jurisdiction and cannot legally adjudicate Rouser's claims, dismissal is appropriate under § 1915A(b)(1).

## IV. Outstanding Motions

### A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant Wilson failed to raise the issue of derivative jurisdiction in his Motion to Dismiss. Instead, he argues that Rouser's initial pleading fell under the exclusive jurisdiction of the Court of Federal Claims, as he demanded $60,000,000 in damages from the United States for breach of contract. (Mem. Supp. Mot. Dismiss 3, ECF No. 4.) Accordingly, Defendant's removal of the case to this Court was improper. Nevertheless, because the Court, in fact, lacks subject matter jurisdiction,[16] the Defendant's Motion to Dismiss (ECF No. 2) will be granted.

---

[16] The fact that Defendant Wilson failed to raise the correct legal basis for dismissal is immaterial. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

## B. Remaining Motions

Because the Court lacks jurisdiction over the matter, Defendant's Motion for Summary Judgment (ECF No. 3) will be denied. Rouser's Motion for Remand (ECF No. 6) and Rouser's Motion to Amend[17] (ECF No. 10) will be denied as futile.

## V. Conclusion

For the reasons set forth, Defendant Wilson's Motion to Dismiss (ECF No. 2) will be granted. Defendant Wilson's Motion for Summary Judgment (ECF No. 3), Rouser's Motion for Remand (ECF No. 6), and Rouser's Motion to Amend (ECF No. 10) will be denied. The action will be dismissed for lack of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 25, 2014
Richmond, Virginia

---

[17] In his Motion to Amend, Rouser seeks to modify the collective *ad damnum* from $60,000,000 to $10,000, or, in the alternative, transfer the case to the Court of Federal Claims. (Mot. Amend 4.) If the Court grants leave to amend, the matter would fall under the "Little Tucker Act," and this Court would still lack jurisdiction under the doctrine of derivative jurisdiction. *Bullock*, 666 F.3d at 285. If the Court transferred this action to the Court of Federal Claims, it too would lack subject matter jurisdiction pursuant to the doctrine of derivative jurisdiction.